*S. C. Stevens*, for appellant.

*W. M. Dunn* and *A. W. Hendricks*, for appellees.

---

BARBEE and Others *v.* LAWS and Another.

A., sold to *B.*, a lot of washed wool, for forty-six cents per pound, to be paid for on *September* 11, and delivered on *September* 20, 1857. Suit by *A.*, alleging a readiness to deliver the wool, and a failure on *B.'s* part to pay

Nov. Term,
1860.

BARBEE
v.
LAWS.

for it; and that, after notice to *B.*, he had sold the wool at auction for twenty-five cents per pound. *B.* answered that there was some unwashed wool in the lot which *A.* refused to throw out, and hence he refused to receive and pay for it.

*Held,* that though this Court might be of opinion that, sitting as jurors, they would have found the facts differently, yet the well-settled rule of this Court is against disturbing the verdict.

*Held,* also, that the Court below erred in instructing the jury that if the auction sale of the wool was not in good faith, but a mere *sham,* the plaintiffs could not recover; and that the instruction should have been so shaped as to relate to the measure of damages.

*Friday,*
*November* 30.

APPEAL from the *Wayne* Common Pleas.

HANNA, J.—The appellants brought suit upon the following writing:

" We have this day sold *Laws & Co.* the lot of wool on the west side of our warehouse, &c., supposed to be from six to eight thousand pounds, washed wool, at forty-six cents per pound, sacked and delivered in our warehouse. Also, about five thousand pounds of tub and fleece washed, and unwashed, wool, sacked, and delivered at *Attica, Ind.,* at forty-three cents per pound for washed, and one third less for unwashed wool; the bill of the *Attica* wool to be sent as soon as it is sacked, and *Laws & Co.* to express amount immediately on receipt of bill, when we agree to have the wool shipped: should we fail to get the *Attica* wool, we do not hold ourselves responsible for the delivery: the wool in our house, to be paid for by 11th inst., and delivered by 20th inst.

September 3, 1857."          " *Barbee, Brown & Co.*"

The plaintiffs aver that they complied with every part of said contract, upon their part to be performed, except that they did not deliver the wool in their warehouse, but were ready to deliver the same, &c., and notified the defendants, who failed, &c.; and that on *January* 20, 1858, they notified defendants that they would hold the same in their warehouse, subject to the orders of defendants, upon compliance, &c., and payment of storage, for ten days longer; and unless said contract was complied with, &c., they would hold said wool ten days longer, to be sold at public or private sale, and if it sold for less, the said defendants to be responsible, &c.

That they gave notice, and sold the same at twenty-five cents per pound.

The defendants answered: *First*, in denial: *Second*, that said wool, so sold, was to be washed wool, and was purchased as such; that it was not, but a considerable quantity was unwashed, wherefore they refused, &c.

A demurrer was overruled to the second paragraph of the answer and sustained to the third, which was amended and re-filed, and states: that the wool was sold as washed wool; that defendants did not examine it; that they relied upon the representations of plaintiffs, and then paid said plaintiffs five hundred dollars on said contract. That afterward they were ready to receive and pay for said wool according to contract, and sent their agent to examine, sack and receive the same; that they were ready and willing to receive the same according to contract, but that the same contained a quantity of unwashed wool which they refused to receive; and the plaintiffs thereupon refused to deliver the same; that the time was extended for ninety days; that defendants were then ready to receive and pay for the same, but that it contained a large quantity of unwashed wool, wherefore they refused: they claim a judgment for five hundred dollars. There was a demurrer overruled to this paragraph.

Questions are made upon these rulings.

As to the second paragraph of the answer, we are of opinion that it was not a sufficent answer, and, therefore, the judgment of the Court in overruling the demurrer thereto was erroneous. We see no error in the ruling on the demurrer to the third paragraph of the answer.

A reply in denial was filed: verdict for the defendants for five hundred and forty-one dollars. Motion for a new trial overruled. The evidence is voluminous, and much of it contradictory. We are asked to reverse the judgment because it is not sustained by the evidence. Whilst we might be of opinion, that, if, as jurors, we had been called upon to weigh the evidence, we, perhaps, should have come to a different conclusion, yet, from our repeated decisions, we could not interfere with that arrived at by the jury in this case. But it is not necessary, and we, therefore, do not decide this point, as,

Nov. Term,
1860.

in our opinion, the judgment should be reversed upon another ground. The instructions were given at great length, perhaps unnecessarily so, and, while in the main correct, there was one that laid down an erroneous proposition, and we have not been able to find that it was corrected in any other given. It was as follows, in referring to the sale made at auction:

"In this sale the plaintiffs were bound to act in good faith, as the agents of the defendants, and it is a question of fact, for the jury to determine, from the evidence, whether they, plaintiffs, sold this wool in good faith; and if so, what did it bring at that sale. If this wool was not sold in good faith, but it was a mere sham sale, the plaintiffs can not succeed, in this suit, in recovering damages from the defendants, for not receiving and paying for the wool."

There was evidence tending to prove that the sale at auction was not in good faith. Under the view which we take of the evidence, this erroneous instruction must reverse the case.

The instruction, in effect, said to the jury, that if they found the auction sale a sham, they could not then find at all for plaintiffs. It appears to us that the instruction should have been so shaped as to have informed them as to the bearing that fact should have had upon the measure of damages.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*G. W. Julian,* for appellants.

